NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIANLI WANG,<br><br>                Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>                Respondent. | No.   15-72863<br><br>Agency No. A089-889-973<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018**

Before:     SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Jianli Wang, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Wang's testimony and documentary evidence regarding his point of entry, omission from his declaration regarding the conditions of Wang's supervised release, and demeanor.  *See Huang v. Holder*, 744 F.3d 1149, 1154-55 (9th Cir. 2014) (giving special deference to findings based on demeanor); *Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under "the totality of circumstances").  Wang's explanations do not compel a contrary conclusion.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  Substantial evidence also supports the agency's finding that Wang's corroborative evidence does not independently support his claim for relief.  *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014).  In the absence of credible testimony, Wang's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Wang's CAT claim also fails because it is based on the same testimony the

agency found not credible, and Wang does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government of China. *Id*. at 1157.

We reject Wang's contention that the agency violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (error required to prevail on due process claim).

**PETITION FOR REVIEW DENIED.**